Richards *v.* Sandford.

## JAMES N. RICHARDS *v.* JOSEPH SANDFORD.

The court may grant a new trial, as well where the damages are inadequate, as where they are excessive, if the case be such as clearly to indicate that the jury have acted under the influence of partiality, bias, or a perverted judgment.

Accordingly, where a recovery was had in an action for the defendant's negligence, whereby the plaintiff was injured and sustained severe bruises upon his mouth and face, and one of his teeth was knocked out; it was *held,* that a verdict of the jury for $10 only, was grossly inadequate, and that the plaintiff was entitled to a new trial, on payment of costs, unless the defendant should consent to a material increase in the amount of damages found.

Although a *motion for a new trial* is addressed, in some degree, to the *discretion* of the court, and it is not essential, on such motion, that a formal exception should in all cases have been entered to a ruling on a question of evidence; yet the court will not feel called upon to relieve a party, in a case where counsel, while testimony has been given which may be strictly inadmissible, have remained silent, without calling attention thereto, or making any objection, and where there is no pretence of fraud or surprise.

THIS was an action to recover damages for severe injuries sustained by the plaintiff in falling at night over a pile of flagging stones on a sidewalk in front of a new building, owned and in course of erection by the defendant. The business of the latter was that of a builder. The flagging of the sidewalk before the building was entrusted to an assistant, under his general directions.

The trial took place before the first judge and a jury, and resulted in a verdict against the defendant for $10 only. The plaintiff moved for a new trial, which was denied *pro forma,* and an appeal was taken from the order entered upon that motion.

*C. Bainbridge Smith,* for the plaintiff.

*Stephen P. Nash,* for the defendant.

BY THE COURT. WOODRUFF, J.—An appeal is made from

an order at special term denying the plaintiff's motion for a new trial, and we are urged to reverse that order upon two grounds: first, because irrelevant and inadmissible testimony was given on the part of the defendant; and, secondly, because the damages are grossly inadequate to the injury sustained by the plaintiff, through the culpable negligence of the defendant.

In relation to the first ground, it must suffice to say, that the whole of the testimony offered by the defendant was received without objection.

Although it is true, that on a motion for a new trial, which is addressed, in some degree, to the discretion of the court, it is not essential that a formal exception should, in all cases, be entered to the ruling of the court, to entitle the moving party to insist that he has been aggrieved by the admission of improper testimony; yet we are pointed to no case in which a party has been permitted to remain silent while testimony, which may be strictly inadmissible, is given, without calling the attention of the court thereto, or making any objection, and afterwards, without any pretence of surprise or fraud, when the verdict proves unsatisfactory, successfully insisting upon a new trial, to enable him to venture again before the jury. Nor do I think a party should be permitted thus to suffer questions to be put to witnesses, their testimony to be taken, it may be, in the hope that the testimony will operate in his own favor, and afterwards complain that such evidence ought not to have been received. A party may properly be required to be active and reasonably diligent in the protection of his rights, or his appeal to the discretion of the court should receive little favor.

It is obvious that if new trials were to be ordered, under circumstances like these, there is hardly a trial had in which the like application might not be successful, for it rarely happens that *no evidence* is given which, if objected to, might not be held irrelevant or improper.

But upon the second ground, I think a new trial should be ordered. The action is brought to recover damages sustained

Richards *v.* Sandford.

by the plaintiff, in falling over stones left upon the sidewalk in a dark night, in front of the defendant's premises, by which one of his teeth was broken out, and his face otherwise cut and bruised. Under a charge from the court, to which there was no exception, and which, though not contained in the case as settled, we must assume to have been correct, the jury have found that this injury was sustained by the culpable negligence of the defendant, without fault on the part of the plaintiff, and I think they were warranted by the evidence in so finding. And for this injury the jury award to the plaintiff ten dollars damages only.

I fully agree that the general rule is, that in actions for torts, in which the rule of damages is not fixed by any definite ascertained rule, a new trial is not to be granted because the court think the damages either too great or too small. But this general rule is clearly open to exception, alike applying to excessiveness and inadequacy of damages. In the language of the court, in *Collins* v. *The Albany and Schenectady Railroad Company*, "Where the damages found by the jury are either *so large* or *so small* as to force upon the mind of every man, familiar with the circumstances of the case, the conviction, that by some means the jury have acted under the influence of a perverted judgment, it is the duty of the court, in the exercise of a sound judicial discretion, to grant a new trial."

Such, in my judgment, is the character of the present verdict. It cannot be reconciled in any manner with an honest and intelligent purpose to give the plaintiff an indemnity for the injury received. It leaves the plaintiff to pay the costs of the litigation. The case did not call for exemplary damages, but a just indemnity was due to the plaintiff; and though there is no precise standard by which such indemnity can be measured, it seems to me a mockery of justice to call this verdict indemnity in any sense.

The case above referred to, from 12 Barb. 492, and the cases there collected, seem to me to present the true rule on this subject, and to call for our interposition.

On the other hand, I think the defendant should be permitted to avoid a new trial, as in that case, and in *Armytage* v. *Haley*, (4 Q. B. R. 917,) by consenting to a modification of the verdict. If, therefore, he thinks proper to consent that the verdict be raised to one hundred dollars, judgment should be ordered for the plaintiff for that sum, and costs of suit, and a new trial be denied without costs of appeal. The order at special term should, I think, be modified in conformity with these views, and in default of such consent, a new trial should be ordered, on payment of costs.

Ordered accordingly.